IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AV LOGISTICS, L.L.C. and C&K TRUCKING, LLC,

        Plaintiffs,

v.

HANJIN SHIPPING CO., LTD.,

        Defendant.

Civil Action No. _____

**COMPLAINT**

*JURY DEMAND ENDORSED HEREON*

**COMPLAINT**

Now come Plaintiffs AV Logistics, L.L.C. and C&K Trucking, LLC and state for their Complaint against Defendant Hanjin Shipping Co., Ltd., as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff AV Logistics, L.L.C. ("AV") is an Illinois limited liability company with its principal place of business at 6205 West 101st Street, Chicago Ridge, Illinois 60415. AV is a drayage and intermodal asset-based management company.

2. Plaintiff C&K Trucking, LLC ("C&K" and, together with AV, "Plaintiffs") is an Illinois limited liability company with its principal place of business at 6205 West 101st Street, Chicago Ridge, Illinois 60415. C&K is a wholly-owned subsidiary of AV and is engaged in the business of providing, among other things, intermodal transportation services.

3. The sole member of AV and C&K is C & K Holdings Acquisition, LLC, an Illinois limited liability company. The members of C & K Holdings Acquisition, LLC are: (1) Michael Burton, an individual residing in Glenview, Illinois; (2) Arthur Zimmerly IV, an individual residing in Orange Park, Florida; (3) Joel Kendall, and individual residing in Chicago,

1

Illinois; (4) Kevin Shaughnessy, an individual residing at in Glenview, Illinois; (5) Steve Wolf, an individual residing in Buffalo Grove, Illinois; (6) Robert Vladem, an individual residing in Winnetka, Illinois; (7) James Hardy, an individual residing in Chicago, Illinois; and (8) Michael Bifulco, an individual residing in Orange Park, Florida.

4.   Defendant Hanjin Shipping Co., Ltd. ("<u>Hanjin</u>" or "<u>Defendant</u>") is a South Korean entity with its American Regional Headquarters located at 80 East Route 4, Suite 490 Paramus, New Jersey 07652.  Upon information and belief, Hanjin is Korea's largest and one of the world's top ten container carriers.

5.   The Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and involves an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.   Venue is proper under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims herein occurred in the State of New Jersey as Defendant has its American Regional Headquarters in this State.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.   During the period of on or about May 2016 through present, AV and Defendant entered into several written contracts under which AV provided various transportation services (the "<u>AV Transportation Services</u>") for Defendant in exchange for payment of freight charges (the "<u>AV Contracts</u>").

8.   During the period of on or about December 2015 through present, C&K and Defendant entered into several written contracts under which C&K provided various transportation services (the "<u>C&K Transportation Services</u>" and, collectively with the AV

Transportation Services, the "Transportation Services") for Defendant in exchange for payment of freight charges (the "C&K Contracts" and, collectively with the AV Contracts, the "Contracts").

9. The Contracts were memorialized in writing through the issuance of bills of lading, rate confirmations or trucking delivery instructions, pickup/delivery receipts and/or invoices for each of the Contracts. True and accurate copies of the bills of lading and/or invoices for each shipment are not attached hereto due to the voluminous nature of the records. Moreover, Defendant is, in all reasonable likelihood, already in possession of such documents because Defendant: (a) arranged the transportation for the shippers, consignees, and/or owners of the shipments and/or (b) was the shipper, consignee, and/or owner of the shipments.

10. As noted above, Defendant: (a) arranged the transportation for the shippers, consignees, and/or owners of the shipments and/or (b) was the shipper, consignee, and/or owner of the shipments.

11. Plaintiffs, as the case may be, acted as brokers or carriers with respect to the shipments and properly performed the Transportation Services in accordance with the terms of the Contracts.

12. Plaintiffs made repeated demands upon Defendant for payment of the freight charges incurred in connection with the Transportation Services rendered.

13. Defendant has failed and refused to make payment in full to Plaintiffs for the freight charges incurred in connection with the Transportation Services rendered.

14. Substantially all of the Contracts expressly provide that "[s]hould either party incur expense, including reasonable attorney fees and court costs, in enforcing any of the

covenants arising out of the their business dealings with each other, the prevailing party will recover all expenses so incurred."

15. As of September 2, 2016, Defendant owes AV freight charges in the aggregate principal amount of at least $348,207.14, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs.

16. As of September 2, 2016, Defendant owes C&K freight charges in the aggregate principal amount of at least $34,956.02, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs.

17. These debts may continue to increase daily in the event additional invoices become past due and owing.

**FIRST CLAIM FOR RELIEF**
(**Breach of Contract – AV**)

18. Plaintiffs incorporate herein by reference each and every allegation set forth above.

19. AV entered into valid and enforceable contracts, the Contracts, with Defendant for each of the Transportation Services.

20. Pursuant to the terms of the Contracts, Defendant agreed to pay freight charges due and owing in exchange for AV's performance of the Transportation Services.

21. AV has performed all of its obligations under the Contracts, and all conditions precedent to recovery of the unpaid freight charges have occurred.

22. Defendant has breached the Contracts by failing and refusing to pay AV the freight charges currently due and owing despite repeated demands for payment.

23. Defendant's breach of the Contracts has caused injury to AV.

24. As a result, AV is entitled to recover from Defendant the sum of at least $348,207.14, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract – C&K)**

25. Plaintiffs incorporate herein by reference each and every allegation set forth above.

26. C&K entered into valid and enforceable contracts, the Contracts, with Defendant for each of the Transportation Services.

27. Pursuant to the terms of the Contracts, Defendant agreed to pay freight charges due and owing in exchange for C&K's performance of the Transportation Services.

28. C&K has performed all of its obligations under the Contracts, and all conditions precedent to recovery of the unpaid freight charges have occurred.

29. Defendant has breached the Contracts by failing and refusing to pay C&K the freight charges currently due and owing despite repeated demands for payment.

30. Defendant's breach of the Contracts has caused injury to C&K.

31. As a result, C&K is entitled to recover from Defendant the sum of at least $34,956.02, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs.

**THIRD CLAIM FOR RELIEF**
**(Account – AV)**

32. Plaintiffs incorporate herein by reference each and every allegation set forth above.

33. During the period of on or about May 2016 through present, AV submitted to Defendant certain invoices for freight charges due and owing to AV for the Transportation Services rendered.

34. Defendant received AV's invoices covering the freight charges and retained the invoices without objection or protest.

35. Defendant owes AV the sum of at least $348,207.14, including additional amounts accruing subsequent to the filing of this Complaint, on an open account arising from AV's provision of Transportation Services as described above.

36. Defendant is liable and indebted to AV, based upon the account rendered and stated, in the sum of at least $348,207.14, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
(Account – C&K)

37. Plaintiffs incorporate herein by reference each and every allegation set forth above.

38. During the period of on or about December 2015 through present, C&K submitted to Defendant certain invoices for freight charges due and owing to C&K for the Transportation Services rendered.

39. Defendant received C&K's invoices covering the freight charges and retained the invoices without objection or protest.

40. Defendant owes C&K the sum of at least $34,956.02, including additional amounts accruing subsequent to the filing of this Complaint, on an open account arising from C&K's provision of Transportation Services as described above.

41. Defendant is liable and indebted to C&K, based upon the account rendered and stated, in the sum of at least $34,956.02, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs.

### FIFTH CLAIM FOR RELIEF
### (Quantum Meruit/Unjust Enrichment – AV)

42. Plaintiffs incorporate herein by reference each and every allegation set forth above.

43. During the period of on or about May 2016 through present, AV provided the Transportation Services to Defendant in accordance with the terms of the Contracts, and Defendant received the Transportation Services at its request.

44. Defendant promised to pay for the Transportation Services provided by AV.

45. As of September 2, 2016, the unpaid Transportation Services are reasonably worth the sum of at least $348,207.14, including additional amounts accruing subsequent to the filing of this Complaint, plus interest, and that sum is due and payable.

46. Defendant receipt of the Transportation Services without paying for them is unjust.

47. As a result, AV is entitled to recover from Defendant the sum of at least $348,207.14, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs.

### SIXTH CLAIM FOR RELIEF
### (Quantum Meruit/Unjust Enrichment – C&K)

48. Plaintiffs incorporate herein by reference each and every allegation set forth above.

49. During the period of on or about December 2015 through present, C&K provided the Transportation Services to Defendant in accordance with the terms of the Contracts, and Defendant received the Transportation Services at its request.

50. Defendant promised to pay for the Transportation Services provided by C&K.

51. As of September 2, 2016, the unpaid Transportation Services are reasonably worth the sum of at least $34,956.02, including additional amounts accruing subsequent to the filing of this Complaint, plus interest, and that sum is due and payable.

52. Defendant receipt of the Transportation Services without paying for them is unjust.

53. As a result, C&K is entitled to recover from Defendant the sum of at least $34,956.02, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs.

**WHEREFORE,** Plaintiffs demand:

A. Judgment in their favor against Defendant on all claims for relief;

B. As to the First, Third, and Fifth Claims for Relief, judgment in AV's favor and against Defendant in the amount of at least $348,207.14, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs;

C. As to the Second, Fourth, and Sixth Claim for Relief, judgment in C&K's favor and against Defendant in the amount of at least $34,956.02, including additional amounts accruing subsequent to the filing of this Complaint, plus pre-judgment interest as allowed by law, post-judgment interest, attorneys' fees, and costs; and

    D.    Such other relief at law or in equity to which Plaintiffs are entitled.

Dated: September 2, 2016

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:   */s/ Kevin M. Capuzzi*
    Kevin M. Capuzzi (NJ No. 173442015)
    Continental Plaza II
    411 Hackensack Ave., 3rd Floor
    Hackensack, New Jersey 07601-6323
    Telephone: (302) 442-7063
    Facsimile: (302) 442-7012
    kcapuzzi@beneschlaw.com

OF COUNSEL:
Eric Larson Zalud, Esquire
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4178
Facsimile: (216) 363-4588
ezalud@beneschlaw.com

*Attorneys for Plaintiffs AV Logistics, L.L.C. and C&K Trucking, LLC*

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and D.N.J. L.R. 38.1, Plaintiffs AV Logistics, L.L.C. and C&K Trucking, LLC hereby demand a trial by jury with the maximum number of jurors permitted by law.

Dated: September 2, 2016       **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:    */s/ Kevin M. Capuzzi*
     Kevin M. Capuzzi (NJ No. 173442015)
     Continental Plaza II
     411 Hackensack Ave., 3rd Floor
     Hackensack, New Jersey 07601-6323
     Telephone: (302) 442-7063
     Facsimile: (302) 442-7012
     kcapuzzi@beneschlaw.com

OF COUNSEL:
Eric Larson Zalud, Esquire
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  (216) 363-4178
Facsimile:  (216) 363-4588
ezalud@beneschlaw.com

*Attorneys for Plaintiffs AV Logistics, L.L.C. and C&K Trucking, LLC*